UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-8308-BER

UNITED STATES OF AMERICA,

                      Plaintiff,

vs.

JAMES PIERRE,

                      Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Miami Office of the United States Attorney's Office prior to July 20, 2008?

    Yes      X No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office (West Palm Beach Office) only prior to December 18, 2011?

    Yes      X No

3. Did this matter originate from a matter pending in the Fort Pierce Office of the United States Attorney's Office prior to August 8, 2014?

    Yes      X No

                      Respectfully submitted,

                      MARKENZY LAPOINTE
                      UNITED STATES ATTORNEY

                      BY: _____
                      JOHN C. McMILLAN
                      ASSISTANT UNITED STATES ATTORNEY
                      Admin. No. A5500228
                      500 S. Australian Ave., Suite 400
                      West Palm Beach, FL 33401
                      Office:  (561) 820-8711
                      John.mcmillan@usdoj.gov

AO 91 (Rev. 08/09)  Criminal Complaint

## UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>JAMES PIERRE,<br><br>Defendant(s) | )<br>)<br>) Case No. 24-8308-BER<br>)<br>)<br>) |

### CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __06/25/2024__ in the county of __Palm Beach__ in the __Southern__ District of __Florida, and elsewhere__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. §§ 1324(a)(1)(A)(iv), 1324 (a)(1)(A)(v)(ii) & 1324(a)(1)(B)(ii); 8 U.S.C. § 1326(a)(1) | Encouraging or inducing an alien to come to or enter the United States, knowing or in reckless disregard that such was in violation of the law; and Attempted Re-Entry After Deportation |

FILED BY __TM__ D.C.

Jun 27, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

This criminal complaint is based on these facts:
See attached Affidavit

☑ Continued on the attached sheet.

JOSHUA J WOODBURY
Digitally signed by JOSHUA J WOODBURY
Date: 2024.06.27 20:40:34 -04'00'

*Complainant's signature*

Joshua Woodbury, Special Agent, HSI
*Printed name and title*

Subscribed and sworn to before me in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone (Facetime).

Date: June 27, 2024

*Judge's signature*

City and state: West Palm Beach, Florida

Bruce Reinhart, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT
### Case No. 24-8308-BER

I, Joshua Woodbury, first being duly sworn, does hereby depose and state as follows:

1. I am a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI") and have been so employed since June 2008. Prior to my employment with HSI, I worked as a United States Customs Inspector for six and a half years. As part of my duties and responsibilities as an HSI Special Agent, I have become familiar with the criminal offenses set forth in Title 8 of the United States Code, the Immigration and Nationality Act. Moreover, I have conducted investigations involving human smuggling and their related criminal activity and have become familiar with the methods and schemes employed by individuals who smuggle persons into the United States.

2. The facts set forth in this affidavit are based on my personal knowledge, information obtained from others, including other law enforcement officers, my review of documents, pictures, GPS data, text messages and computer records. Because this affidavit is being submitted for the limited purpose of establishing probable cause to support a criminal Complaint, I have not included each and every fact known to me and law enforcement, rather, I have included only those facts necessary to establish probable cause to believe that, on or about June 25, 2024, defendant James PIERRE encouraged or induced one or more aliens to come to, enter, or reside in the United States, knowingly or in reckless disregard of the fact that such coming to, entry, or residence is or will be in violation of law, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)A)(v)(ii), 1324(a)(1)(B)(ii), and attempted to re-enter the United States after a previous removal, in violation of Title 8 United States Code, Section 1326(a)(1).

## PROBABLE CAUSE

3. On or about June 25, 2024, at approximately 10:30 a.m., U.S. Customs and Border Protection (USCBP) UH60 Black hawk helicopter (Troy 208), while conducting maritime patrols observed a white cuddy cabin vessel approximately 12 nautical miles east of Boca Raton, Florida with a single outboard engine traveling west bound towards the United States at approximately 20 knots with four visible persons on board. The crew of Troy 208 made several orbits around the vessel trying to get the attention of the captain, while simultaneously attempting to hail the vessel on maritime channel 16 with negative results. Troy 208 contacted USCBP Marine Unit M831 out of Fort Lauderdale, Florida, and vectored the marine unit to the target's position. At approximately 10:30-11:00 a.m., M831 intercepted the target vessel within the Special Maritime and Territorial Jurisdiction of the United States, approximately 8 nautical miles east of Boca Raton, Palm Beach County, Florida.

4. Upon approaching the target vessel, the USCBP agents inquired of the vessel's captain, who they observed piloting/driving the target vessel, later identified as defendant James PIERRE, a citizen and national of Haiti, where the vessel's occupants were coming from. PIERRE responded they were all Haitian nationals and that they were coming from Haiti. While boarding the vessel to conduct an immigration and safety inspection, agents discovered the vessel cuddy cabin was latched from the outside, and when asked if anyone was located inside PIERRE stated yes. In addition to the four persons (including the defendant) observed on the deck of the vessel upon CBP's approach, a total of eight (8) more persons to include two (2) unaccompanied minors were located secreted in the high heat without air

conditioning of the forward cuddy cabin of the vessel. An immigration inspection was conducted, and all twelve (12) passengers were determined to be from Haiti with no legal documentation to be allowed legal entry into the United States, and the following Haitian national persons were transferred to the United States Coast guard Cutter for processing, in addition to defendant PIERRE:

| | **Initials** | **Month/Year of Birth** |
|---|---|---|
| 1.) | GP | 8/2009 (minor) |
| 2.) | EK | 10/2002 |
| 3.) | JP | 12/1976 |
| 4.) | DP | 8/1984 |
| 5.) | DV | 4/2004 |
| 6.) | MT | 9/1989 |
| 7.) | CM | 9/1994 |
| 8.) | JS | 7/1986 |
| 9.) | MA | 6/1986 |
| 10.) | PJ | 8/1996 |
| 11.) | KP | 9/2015 (minor) |

5. After collecting biometic data on the subjects, United States DHS Immigration Records established that on or about December 25, 2013, James PIERRE illegally entered the United States via vessel making landfall in Vero Beach, Florida, and was taken into custody by USBP, where he was processed for expedited removal. PIERRE was sent to Krome Detention Center in Miami, Florida, where he was released on supervision. On or about

3

February 7, 2017, supervised release was revoked, and PIERRE was taken back into custody and removed from the United States on or about February 24, 2017, from Alexandria, Louisiana, to Haiti.

6. On or about June 27, 2024, HSI Special Agents conducted a post-*Miranda* interview of PIERRE. The interview was conducted using the assistance of a native Haitian Creole-speaking law enforcement officer for translation purposes, and was audio and video recorded. Following advise of his *Miranda* warnings in Creole, which PIERRE advised he understood, PIERRE told agents that they had purchased the vessel for $15,000, and left Haiti and traveled to the Bahamas, where they had stopped for fuel. PIERRE stated they left the freeport area at approximately 5:30 a.m. and that he used the handheld GPS device to make their way towards the United States. PIERRE stated that he is not considered a "captain" but that he was the only one who drove the boat to the United States, and that he knows that he was not allowed to return to the United States and that he did not attempt to apply for a visa to enter legally, a statement your affiant was able to confirm by the absence of any record of such application or approval to the Secretary of Homeland Security in the CLAIMS database.

7. Your affiant is aware that on June 27, 2024, the defendant was first landed in the United States at the U.S. Coast Guard Lake Worth station located in Riviera Beach, Palm Beach County, Southern District of Florida.

8. WHEREFORE, on the basis of the foregoing, I submit that probable cause exists to believe that on or about June 25, 2024, defendant James PIERRE, encouraged or induced one or more aliens to come to, enter, or reside in the United States, knowingly or in reckless disregard of the fact that such coming to, entry, or residence is or will be in violation of law, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(ii),

4

1324(a)(1)(B)(ii), and did further knowingly attempt to re-enter the United States after a previous removal, in violation of Title 8, United States Code, Section 1326(a)(1).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

JOSHUA J WOODBURY
Digitally signed by JOSHUA J WOODBURY
Date: 2024.06.27 20:41:23 -04'00'

JOSHUA WOODBURY
Special Agent
Homeland Security Investigations

SWORN AND ATTESTED TO ME BY APPLICANT VIA TELEPHONE (FACETIME) PURSUANT TO FED. R. CRIM. P. 4(d) AND 4.1 THIS __27__ DAY OF JUNE, 2024.

BRUCE REINHART
UNITED STATES MAGISTRATE JUDGE

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** James PIERRE

**Case No:** 24-8308-BER

**Counts # 1-11**
**Alien Smuggling**
**Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(ii) and 1324(a)(1)(B)(ii)**
* **Max. Term of Imprisonment:** 5 years
* **Mandatory Min. Term of Imprisonment (if applicable):** not applicable
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000.00
* **Special Assessment**: $100.00
* **Immigration Consequences of Removal (Deportation) from United States if Convicted**

**Count # 12**
**Attempted Re-Entry After Deportation**
**Title 8, United States Code, Sections 1326(a)**
* **Max. Term of Imprisonment:** 0-2 years
* **Mandatory Min. Term of Imprisonment (if applicable):** not applicable
* **Max. Supervised Release:** 1 year
* **Max. Fine:** $250,000.00
* **Special Assessment**: $100.00
* **Immigration Consequences of Removal (Deportation) from United States if Convicted**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NUMBER: 24-8308-BER

### BOND RECOMMENDATION

DEFENDANT: James PIERRE

Pre-Trial Detention
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA: John C. McMillan

Last Known Address: _____

_____

_____

What Facility: _____

_____

Agent(s): HSI SPECIAL AGENT JOSHUA WOODBURY
(FBI)  (SECRET SERVICE)  (DEA)  (IRS) (ICE) (**OTHER**)